IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ramone Wright, | ) | Case No. 5:22-cv-02993-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

      Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On January 18, 2023, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 42. On January 30, 2023, Petitioner filed a motion for summary judgment. ECF No. 49. Both motions have been fully briefed. ECF Nos. 48, 51. On July 13, 2023, the Magistrate Judge issued a Report construing Respondent's motion as a motion for summary judgment and recommending that it be granted, that Petitioner's motion be

denied, and that the petition be dismissed without prejudice. ECF No. 54. Petitioner filed objections to the Report.[1]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by

---

[1] On August 10, 2023, Petitioner filed a Motion to Compel Final Order. ECF No. 58. The Court has thoroughly reviewed this filing to determine if it could be construed as asserting any additional objections to the Report. The Court concludes that it cannot.

reference. The Magistrate Judge recommends that the petition be dismissed because Petitioner failed to exhaust his administrative remedies. Petitioner objects and argues that § 2241 does not contain a statutory exhaustion requirement. He further argues that dismissal of the petition would be a miscarriage of justice and reasserts the merits of his action.

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "Exhaustion of administrative remedies serves two main purposes." *Id.* at 89. First, "exhaustion protects administrative authority [by] giv[ing] an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is [hauled] into federal court, and it discourages disregard of [the agency's procedures]." *Id*. (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) (internal quotations omitted). Second, exhaustion helps promote efficiency by allowing the resolution of claims in a quicker, more economical fashion before filing in federal court. *Id*.

Prior to seeking judicial relief, an inmate filing a 28 U.S.C. § 2241 petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process

3

prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting that courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief") (citation omitted) (internal quotation marks omitted). The applicable prison rules "define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. The Bureau of Prisons manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

Here, Petitioner argues that exhaustion of administrative remedies is not required under the statute. While Petitioner is correct that § 2241 does not contain an exhaustion requirement, "courts have required prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241." *Vazquez v. Knight*, No. CV 8:21-0314-RMG, 2021 WL 1625002, at *2 (D.S.C. Apr. 27, 2021). The Court has reviewed the entirety of the record, the Report, and the applicable law de novo. Upon such review, the Court agrees with the Magistrate Judge that Petitioner did not properly exhaust administrative remedies as required prior to bringing this action. Accordingly, this objection is overruled.

With respect to Petitioner's argument that granting summary judgment would result in a miscarriage of justice, other courts have found that, because § 2241's exhaustion rule is a judicially created requirement, a court may exercise its discretion to waive the exhaustion requirement if cause and prejudice or a fundamental miscarriage of justice is shown or if exhaustion is found to be futile. *See Carmona v. U.S. Bureau of Prisons,* 243

F.3d 629, 632–634 (2d Cir.2001); *Wynne v. Warden at SFF Hazelton,* No. 12-17, 2012 WL 2522957 (N.D. W.Va. May 30, 2012), *adopted in its entirety by,* 2012 WL 2522947 (N.D. W.Va. June 29, 2012); *Fagiolo v. Smith,* 326 F.Supp.2d 589, 590 (M.D.Pa.2004); *Nealy v. United States,* No. 8:05-2933-RBH, 2007 WL 1290262 (D.S.C. April 30, 2007) (noting that a futility exception can apply to judicially created administrative exhaustion). Here, Petitioner fails to demonstrate that exhaustion would be futile, that cause and prejudice exists, or that a fundamental miscarriage of justice will result if his claim is not considered.

Accordingly, as Petitioner has failed to properly exhaust his administrative remedies prior to bringing this action, the Court need not address the remainder of Petitioner's arguments. *See Piper v. Wilson*, C/A No. 2:15-cv-00154, 2015 WL 9917224, at *2 (E.D. Va. Oct. 30, 2015), *report adopted*, 2016 WL 324983 (E.D. Va. Jan. 26, 2016), *aff'd*, 667 F. App'x 429 (4th Cir. 2016) (holding that exhaustion is generally considered a prerequisite to suit).

## CONCLUSION

After considering de novo the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation that of the Magistrate Judge. Respondent's motion for summary judgment [42] is **GRANTED** for failure to exhaust administrative remedies, Petitioner's motion for summary judgment [49] is **DENIED**, and the Petition is dismissed without prejudice. Petitioner's Motion to Compel Final Order [58] is **FOUND as MOOT**.

IT IS SO ORDERED.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

August 21, 2023
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6